UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CALVIN WILLIAM,            :
          Petitioner      :
                          :   CIVIL NO. 1:12-CV-2139
     v.                   :
                          :   (Judge Caldwell)
WARDEN H. I. HUFFORD,     :
          Respondent      :

*M E M O R A N D U M*

I.   Introduction

          Calvin William, an inmate at FCI Schuylkill, in Minersville, Pennsylvania, has

filed a pro se petition for a writ of habeas corpus, cognizable under 28 U.S.C. § 2241.

The petition challenges William's 2004 conviction in the United States District Court for the

Eastern District of Pennsylvania for being a felon in possession of a firearm.

          William has failed to show that a motion under 28 U.S.C. § 2255 is

inadequate or ineffective to test the legality of his detention.  His 2241 petition will

therefore be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll.

§ 2254 (West Supp.).[1]

---

          [1] Under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District
Courts, 28 U.S.C.A. foll. § 2254 (West Supp.), the rules governing petitions under 28 U.S.C. § 2254
can be applied to section 2241 petitions.  Rule 4 of the section 2254 rules permits summary
dismissals.

II.     *Background*

William was indicted in the Eastern District on one count for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e).  *United States v. William,* No. 08-0389, 2010 WL 5811356, at *1 (E.D. Pa. Nov. 29, 2010).  (*Id*.)  On June 4, 2004, he was convicted by a jury.  (*Id*.)  On January 15, 2005, William was sentenced to fifteen years in prison, followed by five years of supervised release, with a fine and special assessment.  (*Id*.)  On direct appeal, the Third Circuit affirmed the conviction.  *See United States v. William*, 203 F. App'x. 410 (3d Cir. 2006) (nonprecedential).

William then filed a motion to vacate his sentence under 28 U.S.C. § 2255 raising several claims of ineffective assistance of trial counsel.  The motion was denied. *See United States v. William,* No. 03-315, 2011 WL 632955 (E.D. Pa. Feb. 9, 2011).  On May 31, 2011, the Third Circuit denied William's request for the issuance of a certificate of appealability.  *United States v. William*, No. 11-1397 (3d Cir. May 12, 2011).  On October 11, 2011, the United States Supreme Court denied William's application for a writ of certiorari.  *William v. United States*, ___ U.S. ___, 132 S.Ct. 428, 181 L.Ed.2d 278 (2011).

The instant petition was filed on September 27, 2012.

III.    *Discussion*

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the sentencing court.  *See* 28 U.S.C. § 2255(a) (providing that a defendant "may move the court which imposed the sentence").  The defendant may only invoke section 2241 when he shows under section

2255's "safety valve" provision in section 2255(e), that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539.[2]  Rather, the "safety valve" under section 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).[3]  If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007) (nonprecedential).

---

[2]  Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless certain requirements are met.  William has already had a section 2255 motion adjudicated.

[3]  Petitioner claims to be actually innocent of his career offender enhancement.  This is not a claim of actual innocence of the crime of conviction and thus is not the type of claim that merits review under § 2241.  *See Green v. Bledsoe*, 466 F. App'x 71, 72-73 (3d Cir. 2012) (nonprecedential).

Petitioner has made no effort to show that his remedy under section 2255 was inadequate or ineffective. We must therefore dismiss the petition for lack of jurisdiction.

We will issue an appropriate order.


/s/ William W. Caldwell
William W. Caldwell
United States District Judge


Date: December 11, 2012

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CALVIN WILLIAM,                          :
        Petitioner            :
                                 :   CIVIL NO. 1:12-CV-2139
    v.                                :
                                 :   (Judge Caldwell)
WARDEN H. I. HUFFORD,                     :
        Respondent            :

*O R D E R*

AND NOW, this 11th day of December, 2012, it is ORDERED that:

  1.  The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) is dismissed for lack of jurisdiction.

  2.  The Clerk of Court is directed to close  this case.


                 /s/ William W. Caldwell
                 William W. Caldwell
                 United States District Judge